IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PATRICK C. MCCARTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNIVERSITY OF NORTH )<br>CAROLINA AT CHAPEL HILL, *et al.*, )<br>)<br>Defendants. )<br>) | 1:20CV1050 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, a former graduate student at the University of North Carolina at Chapel Hill ("UNC-CH"), initiated this lawsuit on November 20, 2020, against UNC-CH and several of its administrators, faculty, and staff, alleging that they discriminated against him based on his race. (ECF No. 1.) Before the Court are two motions: Defendants' Partial Motion to Dismiss Claims in Plaintiff's Amended Complaint, (ECF No. 38), filed on December 15, 2021, and Plaintiff's Motion for Leave to Amend the First Amended Complaint, (ECF No. 45), filed on February 7, 2022.

For the reasons stated herein, Plaintiff's motion will be denied, and Defendants' motion will be granted.

**I.   BACKGROUND**

This Court filed a comprehensive Memorandum Opinion and Order on September 30, 2021("Prior Order"), (ECF No. 35), addressing two earlier motions in this case: Defendants'

Motion to Dismiss Plaintiff's Complaint, (ECF No. 25), and Plaintiff's Motion for Leave to File an Amended Complaint, (ECF No. 32). In the interest of efficiency, the Court will incorporate by reference the Prior Order. (ECF No. 35.)

Following the entry of the Court's Prior Order, Plaintiff filed his Amended Complaint on November 1, 2021. (ECF No. 36.) Rather than follow the Court's Prior Order in drafting the Amended Complaint,[1] the Amended Complaint largely tracks with the Proposed Amended Complaint that Plaintiff had attached to his initial motion for leave to amend, (ECF No. 32-1), except it appropriately removes the state law claim for IIED which the Court determined to be futile, (ECF No. 36). Notably, however, Plaintiff's Amended Complaint still includes other claims that were addressed by the Court's Prior Order and determined to be futile.

Defendants filed the instant Partial Motion to Dismiss, requesting that all claims asserted by Plaintiff in his Amended Complaint which were barred on futility grounds by the Court's Prior Order be dismissed. (ECF No. 39 at 8.) Defendants also move to dismiss Plaintiff's state law claims to the extent they include claims against individual Defendants in their official capacities, (*id.* at 10), as well as Plaintiff's claim for NIED for failure to state a claim and on the basis that it is preempted by the federal Copyright Act, (*id.* at 11). In addition, Defendants request that Plaintiff's prayer for injunctive relief, as well as his claim for money damages against UNC-CH pursuant to § 1983, be denied to the extent they violate this Court's Prior Order. (*Id.* at 20.)

---

[1] The Prior Order made clear which of Plaintiff's claims could proceed and which could not.

2

On February 7, 2022, Plaintiff filed another motion for leave to amend, asking this Court for an opportunity to file a Second Amended Complaint "to ensure the pleading follows the Court's September 30, 2021, order." (ECF No. 45 at 1.)

The Court will address both motions in turn.

## II. STANDARDS OF REVIEW

### A. Motion for Leave to Amend

The determination of whether to grant or deny a motion to amend a pleading lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Under Rule 15(a) of the Federal Rules of Civil Procedure, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Indeed, motions to amend are "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).

### B. Motion to Dismiss

#### 1. Rule 12 (b)(1)

Under Rule 12(b)(1), a party may seek dismissal based on the court's "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is a threshold issue

3

that relates to the court's power to hear a case and must be decided before a determination on the merits of the case. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479–80 (4th Cir. 2005). Generally, a motion under Rule 12(b)(1) raises the question of "whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of proving subject matter jurisdiction rests with the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

### 2. Rule 12(b)(6)

A motion made under Rule 12(b)(6) challenges the legal sufficiency of the facts in the complaint, specifically whether the complaint satisfies the pleading standard under Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 570 (2007)). A claim is plausible when the complaint alleges sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The court "view[s] the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend the First Amended Complaint

As earlier stated, this Court made clear in its Prior Order which of Plaintiff's claims could proceed and which could not. According to the Prior Order, Plaintiff's § 1983 claims

4

against UNC-CH (Counts II and III) could not proceed, as such claims were barred by sovereign immunity. (ECF No. 35 at 34–35.) The Court likewise ruled that Plaintiff's § 1983 claims against numerous individual Defendants in their *official* capacities could not proceed because of sovereign immunity. (*Id.* at 35.) The Court also specified that the § 1983 claim against Defendant Matson in his individual capacity could only proceed on the basis of supervisory liability—which is distinct from the § 1983 claims for racial discrimination under the Equal Protection Clause against Defendants Elston, Dohlman, and Errede. (*Id.* at 30–31.)

Nevertheless, Plaintiff's Amended Complaint, filed one month after the Prior Order was entered, includes UNC-CH as a Defendant in both § 1983 claims (Counts II and III). (ECF No. 36 ¶¶ 180–93.) Additionally, Plaintiff's Amended Complaint does not address this Court's order that all § 1983 claims as to individual Defendants be limited to their *individual* capacities. Plaintiff does not clarify this in either Count II or III and maintains in the factual allegations that Defendants Elston, Errede, Dohlman, and Matson are each being sued in "their official and individual capacity." (*Id.* ¶¶ 9–12.) Finally, the § 1983 claim against Defendant Matson in Plaintiff's Amended Complaint does not appear to be limited to a supervisory liability claim as ordered by this Court; Plaintiff includes the § 1983 claim against Defendant Matson with his § 1983 claims against Defendants Elston, Errede, and Dohlman, which do not allege claims of supervisory liability. (*Id.* ¶¶ 180–93.)

Plaintiff now seeks leave to amend the Amended Complaint, presumably so he can refile a version which fully comports with this Court's Prior Order. (ECF No. 45.) The Court lacks confidence that this will occur as Plaintiff has failed to attach a proposed Second Amended Complaint to his motion.

5

Under Local Rule 15.1 of the Court, "[i]f a party is required by the Rules to file a motion in order to seek leave to amend a pleading, the moving party shall attach the proposed amended pleading to the motion." Failure to comply with the local rules on attaching a proposed amended complaint is grounds for the denial of a party's motion to amend. *See, e.g.*, *United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 703 (4th Cir. 2014) ("[Plaintiff's] failure to comply with this rule justified the district court's denial of leave to amend."); *Giacomelli*, 588 F.3d at 197 ("By violating this Rule, the plaintiffs failed to provide the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint. . . . [T]he district court did not abuse its discretion in failing to give the plaintiffs a blank authorization to 'do over' their complaint.").

In addition to failing to comply with Local Rule 15.1, this Court finds that allowing Plaintiff to amend his Complaint an additional time would be unduly prejudicial to Defendants, who have already moved this Court to dismiss the same claims that Plaintiff seeks to amend. Following Plaintiff's filing of the Amended Complaint, (ECF No. 36), Defendants filed both a Partial Motion to Dismiss, (ECF No. 38), and an Answer to the Amended Complaint, (ECF No. 40). Accordingly, Plaintiff's Motion for Leave to Amend the First Amended Complaint is denied. The Court will instead dismiss all claims in Plaintiff's Amended Complaint which conflict with the Court's Prior Order.

Plaintiff and Counsel are placed on notice that further failure to comply with any order of this Court may result in sanctions.

### B. Defendants' Partial Motion to Dismiss

As laid out above, the Court grants Defendants' Partial Motion to Dismiss with respect to Plaintiff's claims that were explicitly barred by this Court's Prior Order. The Court now addresses Defendants' remaining arguments for dismissal.

### 1. State Law Claims Against Individual Defendants in Their Official Capacities

Defendants seek to dismiss Plaintiff's state law claims for NIED and civil conspiracy to the extent that they assert official capacity claims against Defendants Dohlman, Elston, and Errede. (ECF No. 39 at 10.) Defendants maintain that Plaintiff's official capacity claims for civil conspiracy and NIED are barred by sovereign immunity. (*Id.*) The Court agrees.

"[A] suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent." *Meyer v. Walls*, 489 S.E.2d 880, 887 (N.C. 1997); *White v. Trew*, 736 S.E.2d 166, 168 (N.C. 2013) ("A suit against a public official in his official capacity 'is a suit against the State.'" (quoting *Harwood v. Johnson*, 388 S.E.2d 439, 443 (1990))). Thus, the official capacity claims against Defendants Dohlman, Elston, and Errede—who are all professors at UNC-CH—are actually claims against UNC-CH. *See Crockett v. Blackwood*, No. 18-CV-809, 2020 WL 1144710, at *11 (M.D.N.C. Mar. 9, 2020).

Under the well-settled doctrine of sovereign immunity, "a state may not be sued in its own courts or elsewhere unless by statute it has consented to be sued or has otherwise waived its immunity from suit." *Smith v. Hefner*, 68 S.E.2d 783, 787 (N.C. 1952). Likewise, an agency of the state may only be sued when it has authorized such suits by statute. *Id.* UNC-CH, as a state university, is a state agency to which the doctrine of sovereign immunity applies. *Kawai Am. Corp. v. Univ. of N.C.*, 567 S.E.2d 215, 217 (N.C. Ct. App. 2002). A plaintiff bringing

claims against a governmental entity and its employees in their official capacities "must allege and prove that the officials have waived their sovereign immunity or otherwise consented to suit; by failing to do so, the plaintiff fails to state a cognizable claim against either the official or the governmental entity." *Sellers v. Rodriguez*, 561 S.E.2d 336, 339 (N.C. Ct. App. 2002).

Here, there is no indication that Defendants have waived sovereign immunity as to Plaintiff's state law claims. Nor does Plaintiff make any argument to the contrary. No allegation of waiver or consent is made in Plaintiff's Memorandum in Opposition to Defendants' Partial Motion to Dismiss or in the Amended Complaint. (ECF Nos. 36; 44.) Accordingly, Plaintiff's state law claims against Defendants Dohlman, Elson, and Errede in their official capacities must and will be dismissed.

2. <u>NIED Claim</u>

Defendants next argue that Plaintiff's NIED claim should be dismissed for two reasons. First, Defendants argue that Plaintiff fails to state a claim because Plaintiff does not identify a duty owed by Defendants to Plaintiff or allege conduct that amounts to severe emotional distress. (ECF No. 39 at 11–17.) The Court's Prior Order addresses both of Defendants' arguments. The Court found that Plaintiff plausibly alleged ordinary negligence by Defendants Elson, Errede, Dohlman, and Suzuki-McGirr and that "each owed [Plaintiff] a duty not to injure him by stealing his research." (ECF No. 35 at 45.) Further, the Court noted that Plaintiff plausibly alleged that "he suffered from anxiety as a result of Defendants' plagiarism and was later diagnosed with PTSD," and this was "sufficiently severe to state an NIED claim" and survive a motion to dismiss. (*Id.* at 46.) The Court will not revisit that determination.

8

Second, Defendants argue that Plaintiff's NIED claim is preempted by the federal Copyright Act. This argument was raised in Defendants' initial Motion to Dismiss, (ECF No. 26 at 17–18), and has not yet been addressed by the Court. Defendants argue that Plaintiff's NIED claim "is nothing more than a veiled copyright claim" and an "attempt to avoid federal preemption." (ECF No. 39 at 18–19.) Defendants "acknowledge that Plaintiff appears to be seeking emotional damages via his NIED claim" but still maintain that "his NIED claim is nothing more than a veiled conversion claim, particularly given the absence of any specific duty . . . owed by Defendants to Plaintiff and the lack of specific allegations regarding emotional distress." (*Id.* at 20.)

The Copyright Act preempts all state law rights that are "equivalent" to rights under federal copyright law. 17 U.S.C. § 301(a). The scope of preemption is extensive. *See Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 690–91 (M.D.N.C. 2011) (stating that the "shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection" (quoting *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997))).

To determine whether a state law claim is preempted, courts must consider: (1) whether the work falls "within the subject matter of copyright"; and (2) whether the claim protects rights "that are equivalent to any of the exclusive rights within the general scope of copyright." *Id.* at 690 (quoting 17 U.S.C. § 301(a)); *United States ex rel. Berge*, 104 F.3d at 1463. Both prongs must be satisfied for preemption to apply. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 309 (4th Cir. 2012).

As to the first prong, the Court finds that Plaintiff's work falls into the subject matter of copyright. Plaintiff's NIED claim relates to "[his] research and written manuscript," (ECF

9

No. 36 ¶ 205), which falls within the subject matter of copyright law as a literary work.[2] 17 U.S.C. § 102(a)(1). Literary works are defined as works "other than audiovisual works, expressed in words, numbers, or other verbal or numerical symbols or indicia, regardless of the nature of the material objects, such as books, periodicals, manuscripts, phonorecords, film, tapes, disks, or cards, in which they are embodied." *Id.* § 101. Plaintiff's manuscript and research easily fit into this definition and thus satisfy this first prong of the preemption analysis.

Under the equivalency prong of the preemption analysis, Plaintiff's claim is preempted if it is equivalent to the exclusive rights that the Copyright Act grants to copyright owners. *See* 17 U.S.C. § 301(a). These exclusive rights include the rights to (1) reproduce the work, (2) prepare derivative copies based on the work, (3) distribute copies of the work, (4) perform the work publicly, (5) display the work publicly, and (6) in the case of a sound recording, perform the work publicly by means of a digital audio transmission. 17 U.S.C. § 106. In assessing equivalency, the Fourth Circuit applies the "extra element" test. *Rosciszewski v. Arete Assocs. Inc.*, 1 F.3d 225, 229–30 (4th Cir. 1993). Under this test, the Court must refer to the elements of the state law claims, not the conduct or facts pled. *Tire Eng'g*, 682 F.3d at 309–10. If an act of reproduction, preparation of a derivative work, distribution, performance, or display alone

---

[2] Plaintiff's Amended Complaint alleges the following NIED claims:
- Defendants Elston, Errede, and Dohlman engaged in such negligent behavior when they utilized and published Plaintiff's research and written manuscript, provided by Plaintiff to Defendants due to their advisory positions to Plaintiff, without due credit to Plaintiff, that Plaintiff suffered severe emotional distress. (ECF No. 36 ¶ 205.)

- Defendant Suzuki-McGirr [sic] utilization and publication of Plaintiff's research and written manuscript, which was provided by Plaintiff to Defendants, was so negligent that Plaintiff suffered severe emotional distress. (*Id.* ¶ 207.)

10

can establish the state law claim, then the claim is the equivalent of an exclusive right of the Copyright Act, and there is preemption. *See Pan–Am.*, 825 F. Supp. 2d at 691. A state law claim will avoid preemption if the action requires an "extra element" instead of, or in addition to, the acts of reproduction, performances, distributions or display, and that extra element transforms the nature of the action, "making it '*qualitatively* different from a copyright infringement claim.'" *Tire Eng'g*, 682 F.3d at 309 (quoting *Rosciszewski*, 1 F.3d at 230).

An NIED claim under North Carolina requires that "(1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." *Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A.*, 395 S.E.2d 85, 97 (N.C. 1990). A single act of copyright infringement (like the plagiarizing of one's manuscript or research) can satisfy the elements of a claim for NIED, so long as the infringement results in severe emotional distress. No extra element transforms Plaintiff's claim for NIED into something qualitatively different from a copyright infringement claim. *See, e.g.*, *United States ex rel. Berge*, 104 F.3d at 1463 (holding that a graduate student's conversion claim relating to professors' wrongful use of her research materials was preempted by the Copyright Act); *Rainey v. Wayne State Univ.*, 26 F. Supp. 2d 963, 969 (E.D. Mich. 1998) (holding that an art student's claim for intentional infliction of emotional distress relating to a professor's reproduction of her artwork was preempted by the Copyright Act). Plaintiff's NIED claim is premised solely on the unauthorized reproduction of his research and manuscript, which is precisely what copyright law protects.

Accordingly, the Court finds that Plaintiff's NIED claims against Defendants Elston, Errede, Dohlman, and Suzuki-McGirr, relating to the reproduction of his research and

11

manuscript, are preempted by the Copyright Act. Thus, Defendants' Partial Motion to Dismiss will be granted as to Plaintiff's NIED claims.

3. Plaintiff's Prayers for Relief

Defendants' Partial Motion to Dismiss challenges various forms of relief sought by Plaintiff in his prayer for relief, including Plaintiff's request to enjoin Defendants from further acts of discrimination, harassment, and retaliation under either Title VI or § 1983. (ECF No. 39 at 21.)

Defendants' challenge to the *form* of relief sought is outside the bounds of a motion to dismiss. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2022) ("[I]t need not appear that the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court."); *AG Spectrum Co. v. Elder*, 181 F. Supp. 3d 615, 617 (S.D. Iowa 2016) (noting that a 12(b)(6) motion was not the proper vehicle to challenge a particular prayer for relief, as it only challenges the sufficiency of a claim); *Lada v. Wilkie*, 250 F.2d 211, 215 (8th Cir. 1957) (noting that although part of the relief demanded by plaintiffs could not possibly be granted, the complaint should not have been dismissed, since the question was not whether *all* of the relief asked for could be granted, but whether the plaintiffs could be accorded *any* relief). Here, Defendants' argument that Plaintiff's prayer for relief is inappropriate does not dispute the sufficiency of Plaintiff's underlying Title VI or § 1983 claims, and as such, it is not a proper basis for a Rule 12(b)(6) motion to dismiss.

That said, Plaintiff's prayers for relief in the Amended Complaint that pertain to claims that have already been barred by this Court are obviously futile. Defendants challenge Plaintiff's request for money damages against UNC-CH pursuant to § 1983. (ECF No. 39 at

22.) There are no § 1983 claims remaining against Defendant UNC-CH—the Court made that clear in its Prior Order. Accordingly, no monetary relief against Defendant UNC-CH pursuant to § 1983 is possible.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend the First Amended Complaint, (ECF No. 45), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Partial Motion to Dismiss, (ECF No. 38), is **GRANTED**, and therefore Plaintiff's only remaining claims in this lawsuit are as follows:

- Racial discrimination and harassment in violation of Title VI against UNC-CH;

- Retaliation in violation of Title VI against UNC-CH;

- Racial discrimination in violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983 against Defendants Elston, Errede, and Dohlman in their individual capacities;

- Supervisor liability pursuant to 42 U.S.C. § 1983 against Defendant Matson in his individual capacity; and

- Civil conspiracy against Defendants Elston, Errede, and Dohlman in their individual capacities.

This, the 27th day of September 2022.

/s/ Loretta C. Biggs
United States District Judge